# IN THE SUPREME COURT OF PENNSYLVANIA

IN RE: GENERAL STATEWIDE JUDICIAL EMERGENCY - INVESTIGATING GRAND JURY OPERATIONS

: No. 535 Judicial Administration Docket
:
:
:

## ORDER

**PER CURIAM**

AND NOW, this 28th day of April, 2020, in consideration of this Court's declaration of a general, statewide judicial emergency, which has been extended through June 1, 2020, *see* 531 and 532 Judicial Administration Docket, the Court offers the following guidance and directives as to the operation of investigating grand juries. *See generally* 42 Pa.C.S. §§4541-4553 (commonly known as the Investigating Grand Jury Act).

Presently-impaneled investigating grand juries ARE PERMITTED to operate during the general, statewide judicial emergency. However, all in-person access and proceedings SHALL BE CLOSELY REGULATED. All supervising judges SHALL IMPLEMENT AND MAINTAIN procedures that restrict potential COVID-19 exposure that could result from interactions of supervising judges, court staff, the Commonwealth's attorneys, grand jurors, witnesses and their counsel, and others who may come before the investigating grand jury. To the extent practicable in light of the necessity for some in-person appearances and proceedings, safety measures should be employed that are as consistent as possible with the federal and state executive guidelines for countering the spread of the COVID-19 virus.

In alignment with this Court's previous guidance as to other judicial functions, supervising judges are encouraged to establish protocols for conducting investigating grand jury proceedings through the use of advanced communication technology, to the

extent that constitutional requirements can be satisfied.[1]  It is noted that advanced communication technology could be used in conjunction with certain in-person participation at proceedings.  By way of example, a witness could appear and be questioned by the attorney for the Commonwealth in person, while some or all of the investigating grand jurors participate in the proceedings via the use of advanced communication technology.

The Administrative Office of Pennsylvania Courts stands ready to provide guidance to the supervising judges concerning implementation of technological resources.

Should any witness or other person involved in the operation of the investigating grand jury believe that the enforcement of a time deadline or the participation in any portion of the proceedings poses a significant danger to the health of one or more persons, or that compliance or participation is unreasonable or impossible in light of restrictions arising out of the Governor's prevailing orders and directives, he or she may file a certification detailing the reasons with the supervising judge.  Upon receipt of such a certification, the supervising judge SHALL SET a deadline for any responses and SHALL PROVIDE a reasonable opportunity to be heard.  Relief from deadlines, as well as temporary excusal from or modification of participation in any portion of the proceedings, SHALL BE LIBERALLY ALLOWED upon the filing of a certification, unless the certification is deemed to be unfounded after the affordance of appropriate process.

---

[1] Advanced communication technology includes, but is not limited to, systems providing for two-way simultaneous communication of image and sound, as well as closed-circuit television.  *See* Pa.R.J.A. No. 1952(A)(2)(e) and Note (citing Rule of Criminal Procedure 103 for the definition of advanced communication technology).

Supervising judges SHALL FACILITATE the submission of filings, documents, and other materials by means other than in-person delivery whenever possible. Any state or local rule that impedes such alternative means of filing is suspended through June 1, 2020.

Physicians, nurses, or other healthcare professionals who are substantially involved in responding to the COVID-19 public health emergency SHALL NOT BE REQUIRED to appear before or otherwise participate in investigating grand jury proceedings during the pendency of the general, statewide judicial emergency.

Applications to convene new investigating grand juries, *see* 42 Pa.C.S. §§4543 and 4544, may be submitted and adjudicated during the general, statewide judicial emergency. The summoning of prospective jurors and the selection of grand jurors, *see generally* Pa.R.Crim.P. 221, 222, 241, and 242, are SUSPENDED during the pendency of the emergency.